IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSE REEVES, | CV 20–69–M–DLC |
| Plaintiff, | |
| vs. | |
| SAFECO INSURANCE COMPANY OF ILLINOIS and DOE and XYZ DEFENDANTS 1-5, | ORDER |
| Defendants. | |

Before the Court is Defendant Safeco Insurance Company of Illinois' Motion for Partial Judgment on the Pleadings. (Doc. 12.) Safeco seeks judgment in its favor on Count I of Plaintiff Jesse Reeves' Complaint in its entirety and seeks judgment on certain portions of Counts II and III. (*Id.*) For the reasons explained, the Motion is granted in part and denied in part with respect to Counts II and III. The Court will stay resolution of Count I pending certification to the Montana Supreme Court.

**Background**

On July 23, 2014, Reeves was injured when a vehicle driven by Lorraine Best sideswiped his vehicle. (*Id.* at 1.) Reeves sustained permanent injury to his spine with damages exceeding Best's coverage. (*See id.* at 2.) Reeves then sought economic losses and other damages from Safeco under his underinsured motorist

coverage, including requesting policy limits and payments in advance of final settlement, all of which Safeco denied.  (*Id.* at 2–3.)  Reeves now seeks: (1) a declaration that Montana's Unfair Trade Practices Act ("UTPA") requires an insured to make advance payments of medical expenses and lost wages; (2) breach of contract damages under the UTPA; (3) damages for Safeco's unfair trade practices under the UTPA; and (4) punitive damages.  (*Id.* at 3–5.)

## Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to seek judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. Pro. 12(c).  A motion under 12(c) operates in the same way as a motion to dismiss under Rule 12(b)(6) by challenging the sufficiency of the pleadings.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Judgment is appropriate where "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (quoting *George v. Pacific—CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996)).

**Discussion**

I.     **Count I**

In Count I of the Complaint, Reeves seeks *inter alia* a declaration that Safeco is required to make advance payment of all medical bills and wage loss for which liability is reasonably clear pursuant to *Ridley v. Guar. Nat. Ins. Co.*, 951 P.2d 987, 989 (Mont. 1997) and *DuBray v. Farmers Ins. Ex.*, 36 P.3d 897, 899 (Mont. 2001). (Doc. 4 at 3.)

Citing only nonbinding federal law, Safeco asserts it is entitled to judgment on Count I because Montana law precludes a first party plaintiff from obtaining declaratory relief under the UTPA. (Doc. 13 at 4 (citing *Byorth v. USAA Cas. Ins. Co.*, No. CV 17-153-M-KLD, 2019 WL 6715970, at *1 (D. Mont. Dec. 10, 2019) and *Garner v. USAA Gen. Indem. Co.*, No. CV 19-59-M-JCL, 2019 WL 3306135, at *5 (D. Mont. July 23, 2019)).)[1]

Although the Montana Supreme Court has never held that a third-party plaintiff may obtain declaratory relief under Montana Code Annotated § 33-18-242(3), Safeco frames its challenge only in terms of a first parties' right as the Montana Supreme Court has consistently allowed third-party declaratory judgment

---

[1] To the extent *Byorth* and *Garner* relied on the Ninth Circuit's unpublished nonprecedential decision in *Bateman v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 423 F. App'x 763, 766 (9th Cir. 2011), the Court is not persuaded by its reasoning. In *Bateman*, the panel concluded that declaratory relief was unavailable to a third-party plaintiff under § 33-18-242(3), *see id.*; Brief of Appellants, *Bateman v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2010 WL 6039481, at 26–28—a conclusion that is contrary to the established practice of the Montana Supreme Court.

claims under the UTPA.  See *Ridley* 951 P.2d 987; *DuBray*, 36 P.3d 897; *Safeco Ins. Co. of Ill. v. Mont. Eighth Judicial Dist. Court, Cascade Cty.*, 2 P.3d 834, 835 (Mont. 2000); *Marshall v. Safeco Ins. Co. of Ill.*, 413 P.3d 828, 832 (Mont. 2018). And, while the Court appears to have permitted a first party claim on at least one occasion, *see Jacobsen v. Allstate Insurance Co.*, 310 P.3d 452 (Mont. 2013), the existence of this right as it applies to first parties remains less clear.

Where state law is silent on an issue, Rule 15 of the Montana Rules of Appellate Procedure permit a federal court to certify a question to the Montana Supreme Court for guidance.  Mont. R. App. Pro. 15(3).  "The decision to certify a question to a state supreme court rests in the 'sound discretion' of the district court."  *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003) (quoting *Louie v. United States*, 776 F.2d 819, 824 (9th Cir. 1985)).

Having reviewed the parties' arguments, the Court has decided to certify this issue to the Montana Supreme Court.  The Court believes that a question that implicates the fundamental rights of first-party plaintiffs under Montana's insurance code as interpreted by Montana's groundbreaking decision in *Ridley v. Guaranty National Insurance Company* is best left to the State's highest court.

The Court proposes to certify the following question:

> Whether Montana law allows a first-party plaintiff to bring a declaratory judgment action under § 33-18-242(3) to establish its insurer's obligations to make advance payments of medical bills and wage loss consistent with *Ridley v. Guar. Nat. Ins. Co.*, 951 P.2d 987,

989 (Mont. 1997) and *DuBray v. Farmers Ins. Ex.*, 36 P.3d 897, 899 (Mont. 2001).

The parties will have one week from entry of this order to consent to the question as indicated or offer an alternate articulation.

## II. Count II

In Count II, Reeves asserts a breach of contract claim. (Doc. 4 at 4.) As a part of this claim, Reeves alleges that Safeco violated the implied covenant of good faith and fair dealing. (*Id.*) Safeco moves to dismiss Count II to the extent Reeves asserts a standalone claim for common law bad faith. (Doc. 13 at 8.) Reeves insists he is only alleging breach of contract—his reference to the implied covenant of good faith and fair dealing implies only a violation of a clause contained in every contract. (Doc. 14 at 9.)

This disagreement amounts to quibbling over terminology. Both parties agree on the outcome: Safeco does not want Reeves to allege a standalone claim for common law bad faith. Reeves is adamant he is only alleging breach of contract. The Court agrees with this interpretation and will not strike any of the language from Count II. Safeco's motion for judgment is denied accordingly.

## III. Count III

### A. Subsections (7) & (14)

In Count III of the Complaint, Reeves alleges that Safeco violated Montana Code Annotated §§ 33-1-201(4), (6), (7), and (14). (Doc. 4 at 5.) Safeco moves to

dismiss the alleged violations of subsections (7) and (14) as non-actionable. (Doc. 13 at 6.)

Montana law outlines 14 prohibited actions that constitute "unfair claim settlement practices." *Id.* at § 33-18-201. But not all of these practices give rise to a private cause of action. Under § 33-18-242, only a violation of subsections (1), (4), (5), (6), (9), or (13) of § 33-18-201 allow a plaintiff to sue for damages. *Id.* at § 33-18-242(1). Reeves does not claim otherwise. (Doc. 14 at 9.) Instead, Reeves argues that although he cannot recover damages from Safeco for any violations of (7) and (14), nothing precludes him from introducing evidence relating to these two subsections to support his claim for punitive damages. (*Id.*)

While Reeves is correct that he will likely be permitted to introduce relevant evidence related to each of his claims, he is not permitted to rely on § 33-18-242 to assert a cause of action under § 33-18-201(7) and (14). Safeco's motion for judgment will be granted accordingly.

### B. Breach of Fiduciary Duty

Finally, Safeco moves for judgment on Reeves' allegation that Safeco breached its fiduciary duty when it violated § 33-18-201(4) and (6). (Doc. 13 at 12–14.) Reeves insists there is nothing to grant judgment upon because he has not alleged a separate cause of action for breach of a fiduciary duty and contends that evidence related to this issue is relevant to other issues at trial, particularly his

claim for punitive damages. (Doc. 14 at 11–12.) While Reeves has not located his claim of breach of a fiduciary duty under a separate subheading of his Complaint, he has asserted a legal conclusion separate from his allegations under § 33-18-201(4) and (6). As with the subsections (7) and (14), dismissing the allegation of breach of fiduciary duty does not preclude Reeves from introducing his relevant evidence at trial. However, the Court will grant Safeco judgment on this issue.

IT IS ORDERED that the Motion (Doc. 12) is GRANTED in part and DENIED in part.

1. The Court stays resolution of Safeco's request for judgment on Count I pending certification to the Montana Supreme Court. The parties shall have until August 31, 2020 to consent to the Court's proposed certified question or offer an alternate articulation.

2. The Court denies Safeco's request for judgment on a bad faith claim in Count II.

3. The Court grants Safeco judgment on Count III as to allegations that it violated § 33-18-201(7) and (14).

4. The Court grants Safeco judgment on Count III as to allegations of breach of fiduciary duty.

DATED this 24th day of August, 2020.

_____
Dana L. Christensen, District Judge
United States District Court